UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAROL SCARLETT,

*Plaintiff*,

v.

OFFICE OF INSPECTOR GENERAL,

*Defendant*.

Civil Action No. 21-819 (RDM)

## MEMORANDUM OPINION AND ORDER

Plaintiff Carol Scarlett filed this action on March 23, 2021, alleging that the Office of Inspector General ("OIG") of the National Science Foundation ("NSF") had not complied with its obligations under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Dkt. 1. Before the Court is Plaintiff's motion for leave to file an amended complaint. Dkt. 21. For the reasons set forth below, the Court will **DENY** Plaintiff leave to amend.

### I. BACKGROUND

Plaintiff's original complaint alleges that she is the owner of a small business that had received a contract "to work on an NSF project." Dkt. 1 at 2 (Compl. ¶¶ 5, 9). When Plaintiff applied for a "second phase of work," however, Plaintiff alleges that her application was denied. *Id.* (Compl. ¶¶ 7–10). According to the complaint, Plaintiff submitted the FOIA request at issue here as part of her efforts to discover the reasons for that denial. *Id.* at 3–4 (Compl. ¶¶ 15, 17, 22). Plaintiff's FOIA request targeted, specifically, a complaint she discovered had been lodged against her with the OIG "alleging unknown wrong doings on [her] part." *Id.* at 3 (Compl. ¶ 12); *see also id.* at 4 (Compl. ¶ 17) ("Plaintiff sought FOIA records to determine the nature of the . . . complaint."). OIG allegedly agreed to produce "only the date of the complaint," rather than "any

1

wording or allegations made" therein. *Id.* at 4 (Compl. ¶ 18). Plaintiff maintains that this response was inadequate, and following a (seemingly unsuccessful) appeal, filed this action to seek disclosure of all non-exempt records responsive to her FOIA request. *Id.* at 4–6 (Compl. ¶¶ 19, 25–27, Prayer for Relief).

Plaintiff filed her complaint on March 23, 2021, and OIG answered on October 13, 2021, Dkt. 19. In a joint status report, OIG described its production in response to Plaintiff's FOIA request and indicated the agency had completed its production. *See* Dkt. 20 at 3–5. Plaintiff, however, remained unsatisfied with OIG's production, and in particular disputed OIG's reliance on various FOIA exemptions to justify its redactions of large portions of the complaint against her. *Id.* at 2–3. The Court, accordingly, set a schedule for summary judgment briefing at the initial scheduling conference on November 29, 2021. *See* Minute Entry (Nov. 29, 2021).

At that conference, Plaintiff indicated that she might seek leave to amend her complaint, which she did on December 2, 2021. Dkt. 21. That motion seeks leave to add two counts to Plaintiff's complaint. In the first new count, Plaintiff alleges that the OIG "fail[ed] to properly evaluate the source of the complaint against the Plaintiff, and cho[se] to engage in a retaliatory investigation," in violation of the "Title VI laws" and the Whistleblower Protection Act, 5 U.S.C. § 2302. *Id.* at 2–3; Dkt. 23 at 7 (Proposed Am. Compl. ¶ 38). In the second, Plaintiff alleges breach of contract and, in particular, alleges that NSF violated the terms of the original contract under which Plaintiff performed work for the agency. Dkt. 21 at 3; Dkt. 23 at 7–8 (Proposed Am. Compl. ¶¶ 40–44). OIG opposes Plaintiff's motion. Dkt. 22. Plaintiff filed her reply on December 23, 2021, Dkt. 24, and the motion is now ripe for decision.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that a party "may amend its pleading once as a matter of course within[] (A) 21 days of serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading" or a motion to dismiss, motion to strike, or motion for a more definite statement.  Fed. R. Civ. P. 15(a)(1).  In all other situations, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  When asked, "[t]he Court should freely give leave when justice so requires."  *Id.*

Although Rule 15(a)(2) prescribes a "liberal amendment policy," leave to amend is not automatic.  6 Wright & Miller, Federal Practice & Procedure § 1487 (3d ed.).  Indeed, as the text of the rule makes clear, "permission to amend is allowed only 'when justice so requires.'"  *Id.*  The Supreme Court has interpreted this standard to require a court to grant leave to amend absent the presence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment," or a similar factor.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Where the amended complaint "bears no more than a tangential relationship to the original action" and would substantially "alter the scope and nature of the litigation," however, leave should be denied.  *Miss. Ass'n of Cooperatives v. Farmers Home Admin.*, 139 F.R.D. 542, 544 (D.D.C. 1991); *see Nat'l Treasury Emps. Union v. Helfer*, 53 F.3d 1289, 1295 (D.C. Cir. 1995) ("[T]he district court did not abuse its discretion in denying [an] amendment[] [that] bore 'only tangential relationship' to the original claim.").  "The grant or denial of leave to amend is committed to the sound discretion of the district court."  *De Sousa v. Dep't of State*, 840 F. Supp. 2d 92, 113 (D.D.C. 2012).

### III.  ANALYSIS

Because more than 21 days have passed since OIG answered Plaintiff's complaint, *see* Dkt. 19 (filed October 13, 2021), Rule 15(a)(2) governs Plaintiff's motion.  That provision, in turn, provides two avenues of relief.  First, a plaintiff may amend with the written consent of the opposing party, which Plaintiff has not obtained.  *See* Dkt. 22.  Second, a plaintiff may amend with leave of the Court, if "justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Court must, accordingly, decide whether to grant Plaintiff leave to amend under that standard.

Although the Rule 15(a)(2) standard is a liberal one, it is not without substance, and, here, the Court is unpersuaded that the interests of justice would be served by granting Plaintiff leave to amend.  That is because the new claims that Plaintiff seeks to add to this action, which has been pending for almost nine months, "bear[] no more than a tangential relationship to the original action" and would substantially "alter the scope and nature of the litigation."  *Miss. Ass'n of Cooperatives*, 139 F.R.D. at 544.  Plaintiff was aware, moreover, of the facts on which her amended complaint is premised since the filing of her original complaint, yet she failed to raise these claims until this litigation had progressed to the point of summary judgment briefing.  *See Foman*, 371 U.S. at 182 (citing "undue delay" as grounds on which to deny leave to amend).

Plaintiff's original complaint, as described above, alleges that OIG violated its obligations under FOIA by failing adequately to respond to her FOIA request for the complaint filed against her.  Dkt. 1 at 5 (Compl. ¶¶ 25–27).  As described by the parties, this dispute likely turns on (1) whether OIG conducted an adequate search in response to Plaintiff's request and (2) fwhether OIG lawfully redacted portions of that four-page complaint, which OIG produced to Plaintiff in November 2020.  Dkt. 20 at 3–4.  The proposed amended complaint, in contrast, includes allegations that have nothing to do with the adequacy of OIG's search or the propriety

4

of its withholdings.  Instead, Plaintiff now seeks to add allegations that NSF "made reckless and false claims about [her] business financial practices," and that NSF officials violated their own policies as part of the grant review process.  Dkt. 23 at 4 (Proposed Am. Compl. ¶¶ 17–18).

      Plaintiff's proposed amended complaint, accordingly, "would do far more than allow [P]laintiff to fully litigate all the legal dimensions of [her] initial action;" rather, "it would permit [P]laintiff to transform [her] case into something entirely new," *Mississippi Ass'n of Cooperatives*, 139 F.R.D. at 544; *see also De Sousa* 840 F. Supp. 2d at 114 (denying leave to amended where additional claims "would drastically alter the nature of th[e] action").  Rule 15(a)(2) does not countenance such a transformation, even accounting for its "liberal amendment policy," Wright & Miller, *supra*, § 1487.  The Court cannot conclude that the interests of justice would be served by allowing Plaintiff "to assert her proposed claims here, because the new claims do not involve the same evidence or substantially the same legal issues as the existing claims, and the new claims would likely require expanding the scope of discovery," *Pinson v. U.S. Dep't of Just.*, 246 F. Supp. 3d 211, 231 (D.D.C. 2017).   Indeed, Plaintiff's proposed amendments would invite discovery in a case otherwise subject to resolution without discovery.  In other cases, this Court has repeatedly rejected requests by FOIA litigants to add additional claims that would alter the "scope and nature," *Wolf v. CIA*, 569 F. Supp. 2d 1, 11 (D.D.C.2008), of a previously "straightforward FOIA dispute," *Szymanski v. DEA*, No. 93-cv-1314, 1993 WL 433592, at *2–3 (D.D.C. Oct. 6, 1993).

      This is true even when the plaintiff "argues that the proposed amended complaint relates to the FOIA action because the allegations in the new complaint would be based on the contents of the documents discovered in the FOIA proceedings." *Mississippi Ass'n of Cooperatives*, 139 F.R.D. at 544.  Otherwise, "FOIA actions could routinely serve as springboards to other lawsuits

5

based on the documents received in the FOIA case." *Id.* There is no reason, moreover, why FOIA plaintiffs who receive records that, in their review, support unrelated claims cannot simply bring a new lawsuit asserting those claims. Neither efficiency nor fairness counsels in favor of combing FOIA litigation with litigation of unrelated claims, even if records released pursuant to the FOIA request *might* support those claims.

Plaintiff's delay in seeking to amend her complaint further undermines her motion. The claims that she seeks to add concern NSF's denial of additional work to her company in 2018. *See* Dkt. 23 at 7–8 (Proposed Am. Compl. ¶¶ 36–44). These events long precede the filing of this suit in March 2021, Dkt. 1, and Plaintiff offers no reason why she could not have included these additional claims in her original complaint. Indeed, Plaintiff attaches a number of exhibits to her reply brief which, she maintains, substantiate the two new counts in her amended complaint. *See* Dkt. 24 at 6–9. Nearly all of these documents predate the filing of the complaint in this action, and Plaintiff does not assert that she discovered them only after the commencement of this suit—unsurprisingly, given that many of them are communications to or from Plaintiff herself. *See, e.g.*, Dkt. 24-3 at 1 (email from April 2, 2018, from Plaintiff to NSF official); Dkt. 24-12 at 1 (email from October 4, 2018, from NSF official to Plaintiff); Dkt. 24-14 (grant letter from September 26, 2017, to Plaintiff). Leave to amend is often "denied when the moving party knew about the facts on which the proposed amendment was based but omitted the necessary allegations from the original pleading." Wright & Miller, *supra*, § 1488; *see Anderson v. USAir, Inc.*, 818 F.2d 49, 57 (D.C. Cir. 1987) (affirming the denial of leave to add claims that "were based on facts known prior to the completion of discovery"). That principle applies here, where OIG's motion for summary judgment is due in a matter of days, *see* Minute Entry (Nov. 29, 2021).

Finally, although the Court denies Plaintiff's motion, nothing in this order precludes her from filing a separate action to pursue those claims she seeks to add to this case. Plaintiff, accordingly, will "suffer[] no prejudice by the denial" of leave to amend "because [she] can file an independent challenge" to pursue those claims. *Nat'l Treasury Emps. Union*, 53 F.3d at 1295; *see also Wolf*, 569 F. Supp. 2d at 11 ("[P]laintiff will not suffer prejudice because [s]he remains free to raise these new claims in a separate lawsuit.").

The Court, accordingly, concludes that granting Plaintiff leave to add two, unrelated (and fundamentally different) claims to her complaint at this late stage of the proceeding would not serve the interests of justice.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's motion for leave to amend, Dkt. 21.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: January 10, 2022